WILLIAMS, Judge,
dissenting.
The trial court determined that the roof was defective and negligently installed by the contractor. The evidence indicates that there was leaking up until the time of the suit. The trial judge determined that from *367 the time of its installation the roof was neither waterproof nor watertight. Although the majority states that the attempts to stop the leaking were unsuccessful, whether the roof was leaking at time of trial is disputed. Clover claims that after a June, 1984 visit to the building the roof was repaired. Although at the time of trial Mr. Palmer, the settlor of the trust, complained of many three-to-five inch holes throughout the roof, it should be noted that subsequent to the aforementioned visit no complaints were received by Clover, nor is there evidence that any other contractor was called to repair any alleged roof defects in late 1984, 1985, or 1986. Furthermore, Mr. Palmer was the only witness to testify as to the existence of these large holes and his testimony was contradicted by his own witness, Mr. McCaskell, who indicated that he did not see these alleged holes. On the basis of the testimony, I question the existence of leaks after Clover made repairs in 1984.
The trial judge determined that there were multiple reasons for the failure of the roof and that the evidence was sufficient to support the claim of defects. I agree that the roof failed in several respects, including leaks along the parapet wall, in several of the roof panels, and along the ridge line. Insofaras the trial court found that there were defects which must be repaired the ruling should not be disturbed; however, the award as determined by the trial judge and affirmed by the majority is not supported by the evidence.
Plaintiff presented a case premised upon the replacement of the roof as the appropriate remedy rather than presenting evidence regarding the possible repair of the roof. The trial court and the majority erroneously accepted this proposition.
I believe that reroofing would be appropriate only if the roof could not be repaired to stop any leaking due to faulty construction or if the cost to repair would be more than the cost to reroof. Although plaintiff is entitled to a roof that does not leak, it does not necessarily follow that plaintiff can demand a new roof. If repairs can be made there is no need for a new roof, unless reroofing cost less than repairing. Further, the evidence does not establish that the leaks now complained of are the same leaks that plaintiff complained of originally. The roof carried a one year warranty which would cover defects in the roof during the one year period after installation. Evidently there were leaks and Clover repaired such leaks. There is not sufficient evidence in the record to indicate that the later leaks occurred at the same locations, other than the problems along the parapet wall. The plaintiff did not present evidence of the actual location of the leaks. Without such evidence, the trial court has apparently extended the one year warranty to cover seven years and any leak that occurred in the roof during that period; by doing this the trial court and the majority of this panel have made Clover an absolute warrantor of the roof.
To find that plaintiff is entitled to a replacement roof is not consistent with the evidence. Plaintiff’s expert, Mr. Spada-fora, who examined the roof during the rain, testified that there were some holes in the skylight panels and ten or twelve leaks at screw holes in the warehouse roof. To remedy the problem of leaks in the screw holes he suggested replacing the screws and covering the screw heads or plugging the holes. Witnesses called by the defendant also testified that the leaks can be repaired. I would award plaintiff only that amount necessary to repair the existing leaks.